IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN M. AVDEEF | § | |
| | § | |
| VS. | § | CASE NO. 4:13-CV-967-O |
| | § | |
| THE ROYAL BANK OF SCOTLAND, PLC, | § | |
| ET AL. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court are several motions: (1) Motion to Dismiss [doc. # 6] filed by Defendant The State of Texas on December 30, 2013; (2) Motion to Dismiss [doc. # 13] filed by Defendants RBS Citizens, NA, and RBS Citizens Financial Group, Inc.[1] ("RBS Defendants") on January 15, 2014; (3) Motion to Dismiss [doc. # 30] filed by Defendant Shawn K. Brady ("Brady") on March 21, 2014; and (4) Motion to Dismiss [doc. # 32] filed by Defendant Judge John P. Chupp ("Judge Chupp") on March 26, 2014.[2]

On December 5, 2013, *pro-se* plaintiff Stephen M. Avdeef ("Avdeef") filed a complaint in this Court, pursuant to section 1983 of Title 42 of the United States Code, "seeking re-dress for the deprivation of Plaintiff's federal constitutional and federal statutory rights by persons acting under color of law." (Pl.'s Compl. at 3.) In the complaint, Avdeef alleges that the Defendants violated his civil rights pursuant to, *inter alia*, the "United States Constitution, Fifth and Fourteenth

---

[1]RBS Citizens Financial Group, Inc. is allegedly a subsidiary of RBS Citizens, N.A. (Plaintiff's Original Complaint ("Pl.'s Compl.") at 2.)

[2]The Court notes that Defendants The Royal Bank of Scotland, PLC ("The Royal Bank"), Sir Philip Hampton ("Hampton"), and Ellen Alemany ("Alemany") who was sued individually and as Chairman and CEO of the RBS Defendants, have not entered appearances in this case. On February 11, 2014, Avdeef filed an Application for Entry of Default Judgment ("Application") against The Royal Bank and Hampton. On February 13, 2014, the RBS Defendants filed an Objection to such Application, claiming that Avdeef had not properly served The Royal Bank or Hampton.

1

Amendments, and the Federal Fair Debt Collection Practices Act." (Pl.'s Compl. at 3-4.) In the complaint, Avdeef alleges six causes of action: (1) violation of Avdeef's due process of law pursuant to the Fifth and Fourteenth Amendments of the U.S. Constitution based on "discriminatory acts [that] were perpetrated directly from the State District Court Bench through an act of coercion that openly threatened an Appellant with one-hundred and eighty days in Tarrant County Jail to prevent Appellant, now Plaintiff, from perfecting a proper appeal to the Texas State Supreme Court;" (2) violations of the "Federal Fair Debt Collections Practices Act to directly and openly avoid the overriding Federal Statute that would have properly dismissed the State District Court civil litigation for lack of standing" through Defendants' act of perjury and falsification of evidence; (3) violations of Avdeef's "personal and civil rights" by Defendant Judge Chupp and the other Defendants as a result of "improper *ex parte* communications and a constant series of violations of the Texas Rules of Appellate Procedure, the Texas Rules of Civil Procedure, and even the Tarrant County Local Rules;" (4) improper acts of discrimination and civil and human rights violations resulting from the "State District Court's anti-pro se litigant discriminatory bias that has been repeatedly reaffirmed and supported by the similarly bias[d] and discriminatory Tarrant County Second Court of Appeals;" (5) violations of Avdeef's "criminal level civil and human rights violations through the court's malicious actions" that "have now created a public court record that improperly slanders and defames the Plaintiff well outside the confines of the State of Texas;" and (6) improper acts of retaliation and physical treats of imprisonment that have resulted in Avdeef being forced to seek from the federal court an "immediate injunction to terminate the lower State Court's plenary authority before the physical threats elevate any further." (Pl.'s Compl. at 4-7.)

In their motions, Defendants argue that Avdeef's complaint should be dismissed because, *inter alia*, the Court lacks subject-matter jurisdiction to hear the case pursuant to the *Rooker-Feldman* doctrine, which prohibits a federal district court from issuing decisions which have the effect of overturning a state-court judgment. Specifically, in their motions to dismiss, the RBS Defendants and Brady assert:

> On its face, the Complaint in this case establishes that Avdeef is seeking review of a state court action by filing the Complaint. The Complaint expressly states, "Plaintiff is now forced to seek from this higher judicial body . . . terminat[ion of] the lower State Court's plenary authority . . . ," and "Plaintiff has no other choice than to seek relief from a higher court." *See id.* at ¶ 20. Further, the Complaint solely complains of actions that occurred in state court. *See e.g. Complaint* at ¶ 11 (warning of issuance of contempt citation), ¶ 13 (perjury and falsification of evidence), ¶ 15 (*ex parte* communications), ¶ 17 ("State District Court 'Good Ole Boy Network'"), ¶ 19 (creation of an allegedly defamatory court record). Since Avdeef expressly seeks this relief in the form of the state court actions by this federal court, the Complaint violates the *Rooker-Feldman* doctrine, and therefore should be dismissed for lack of subject matter jurisdiction.

(RBS Defendants' Motion to Dismiss ("RBS Defs.' Mot. to Dismiss") at 2; Brady's Motion to Dismiss ("Brady's Mot. to Dismiss") at 2; *see* The State of Texas' Motion to Dismiss at 7-8; Judge Chupp's Motion to Dismiss at 8-9.)

In his response to the RBS Defendants' Motion to Dismiss, Avdeef states:

> This case is about a vicious and ruthless British Banking institution and its American corporate subsidiary that will do whatever it takes to maintain a reputation of fear and intimidation, no matter who has to be bought off, and whatever laws have to be subverted just to prevent even the most minute of loss. This is also about a corrupt officer of the court who owns and runs a collections firm that is more than willing to oblige that corrupt banking institution and will also do whatever it takes to win at ANY COST, even if it means lying to the court and buying off a Texas State District Court Judge, who the evidence now shows pulled the original case from another court just to help out a friend to improperly steer the case to a rigged victory. This corrupt State District Court Judge named John P. Chupp, was even willing to commit multiple Texas State Felonies, Federal Offenses and openly and blatantly

> violate a litigant's personal civil rights over and over again, through multiple improper and illegal actions, such as criminally conspiring with his Court Reporter Tina Fett to drastically alter the court's sworn transcript record to ensure that all of the inappropriate and unprofessional snarky comments made from the bench were removed, and the material facts that were presented by Plaintiff were maliciously stricken from the court's sworn record to ensure Plaintiff would be completely denied his right of appeal, and the Federal Civil Right of Due Process of Law under the United States Constitution.
>
> This case is also about that very same American subsidy named RBS Citizens, N.A. who foolishly took a wait and see attitude in the filing of this Federal Complaint to see if Plaintiff was indeed serious about pursuing this matter through the proper superior court venue once ALL the Defendants were arrogant enough to even threaten Plaintiff with six months in county jail to bully, threaten and intimidate Plaintiff into abandoning his civil rights to due process of law by maliciously and criminally preventing Plaintiff from perfecting an appeal to the Texas State Supreme Court. . . .

(Plaintiff's Response to the RBS Defendants' Motion to Dismiss at 1-2 ("Pl.'s Resp. to RBS Defs.' Mot. to Dismiss").) Avdeef attached to his response a copy of the first page of an Original Petition that was filed in November 2010 by RBS Citizens, N.A. against Stephen Avdeef and Toby Avdeef in the 141st Judicial District Court of Tarrant County, Texas, cause no. 141-249241-10, regarding the Avdeefs' default on a contract for the purchase of a 2007 Mitsubishi Eclipse. (*See* Pl.'s Resp. to RBS Defs.' Mot. to Dismiss at Exs. A and B, pgs. 6, 8; *see also* Appendix to Judge Chupp's Motion to Dismiss ("App. to Chupp's Mot. to Dismiss") at 3-5.) A review of additional documents submitted by Avdeef and Judge Chupp indicates Avdeef is seeking a review of the proceedings that occurred in cause no. 141-249241-10, in which Defendant Chupp was the presiding judge and Brady represented RBS Citizens, N.A. (Pl.'s Resp. to RBS Defs.' Mot. to Dismiss at Exs. A and B; App. to Chupp's Mot. to Dismiss.) According to such documents, the trial court granted summary judgment against Avdeef and default judgment against Toby Avdeef, awarding RBS Citizens, N.A.

4

$10,578.41 plus interest, possession of the vehicle (the proceeds of which were to be applied as credit against the damages awarded), and attorney's fees of $3,000. (App. to Chupp's Motion to Dismiss at 10-12.) Subsequently, Avdeef appealed the trial court's summary judgment against him and such judgment was affirmed by the appellate court on December 21, 2012.[3] (*See* App. to Chupp's Mot. to Dismiss at 28-47)).[4]

The *Rooker-Feldman* doctrine derives its name from two Supreme Court cases decided sixty years apart. The first, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) held that, by statute, jurisdiction over appeals from state court lies exclusively in the Supreme Court and is beyond the original jurisdiction of federal district courts. The second, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983), held that this jurisdictional bar extends to particular claims "inextricably intertwined" with those which a state court has already decided. The essence of the *Rooker-Feldman* doctrine is that a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see Crank v. Crank*, No. Civ. A. 3:96-CV-1984-D, 1997 WL 22815, at *2 (N.D. Tex. Jan. 14, 1997) (stating that "[j]udicial errors committed in state court

---

[3]Mandate issued on March 7, 2013 and there is no indication Avdeef filed a timely appeal of the Texas Second District Court of Appeals' decision. (App. to Chupp's Mot. to Dismiss at 28, 42-47.)

[4] The Court notes that Defendant Judge Chupp attaches printouts from the Tarrant County court records website. The Court takes judicial notice of such records. *See Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (finding no objection to the panel taking judicial notice of a Texas agency's website); *Kitty Hawk Aircargo, Inc. v. Chao.*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Casterline v. OneWest Bank, F.S.B.*, No. C-12-150, 2012 WL 5465982, at *4 (S.D. Tex. Oct. 10, 2012) ("The Fifth Circuit has determined that courts may take judicial notice of governmental websites.").

are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of the lower federal courts").

In this case, Avdeef is clearly challenging the actions of the Defendants that ultimately led to a final state-court judgment in a case filed by Defendant RBS Citizens, N.A. Avdeef is contesting the state-court judgment on the theory that the Defendants violated his civil, constitutional, and other rights in obtaining the state-court judgment. Avdeef claims his injuries were ultimately caused by the procedures used by the state court and various parties involved in the state court action in determining that Avdeef was liable to RBS Citizens, N.A. for defaulting on the car loan. Although cast as mainly constitutional and federal violations, the issues raised by Avdeef in the suit before this Court are so "inextricably intertwined" with the state judgment that this Court is essentially being asked to review the state-court procedures and decision. *See Bell v. Valdez*, 207 F.3d 657 (5th Cir. 2000) (finding that the *Rooker-Feldman* doctrine deprived district court of subject matter jurisdiction over plaintiff's claim that her ex-husband and the judge who presided over her divorce proceedings conspired to provide her ex-husband a favorable outcome in the divorce proceedings because the claim was essentially an appeal of the divorce decree); *Stephens v. 4th Judicial District Ct.*, No. 08-0857, 2008 WL 4891053, at *5 (W. D. La. Nov. 12, 2008) (finding that the plaintiff's allegations that the state-court judge's ruling was based on bias and that he should have recused himself, while cast as constitutional violations, were an attempt to have the Court entertain appellate review of the judge's final state court decision.). The plaintiff should have raised such challenges to the state-court judgment and subsequent appeal through final appeal in the state court system. Because this federal court action is "inextricably intertwined" with the state-court ruling, this Court, pursuant to the *Rooker-Feldman* doctrine, does not have subject-matter jurisdiction to hear the case. *See, e.g., Hale*

*v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986); *Evans v. Franklin Cty. Ct. of Common Pleas*, No. 02-3208, 2003 WL 21259704, at *2 (6th Cir. May 28, 2003) (stating that the *Rooker-Feldman* doctrine barred the plaintiff's attempt to overturn the adverse domestic-relations decisions based on "general constitutional challenges"); *Crank v. Crank*, No. 3:96-CV-1984-D, 1997 WL 22815, at *2 (holding that a "disgruntled litigant 'may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits'").

Moreover, as to Defendant The State of Texas, all claims by Plaintiff against it should also be dismissed because the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas unless sovereign immunity is expressly waived, which has not been done in this case. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984); *see also Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (holding that the FDCPA contains no waiver of sovereign immunity); *Downey v. Denton Cty.*, 119 F.3d 381, 387 (5th Cir. 1997) (Texas Tort Claims Act does not waive sovereign immunity for intentional torts); *Hill v. Fort Bend Indep. Sch. Dist.*, 275 F.3d 42, 43 (5th Cir. 2001) (upholding the dismissal of defamation claims against a school district because the district, as an agency of the state, is entitled to sovereign immunity which had not been waived under the Texas Tort Claims Act.) The lack of waiver by The State of Texas is a jurisdictional defect. *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 1997). Thus, the Court, pursuant to the doctrine of sovereign immunity, also does not have subject-matter jurisdiction to hear the claims against The State of Texas. *Id.* In addition, pursuant to Federal Rule of Civil Procedure 12(b)(6),[5] the claims against The State of Texas should also be dismissed because

---

[5] Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." The plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough

Avdeef has failed to state any facts that, even if liberally construed, state a claim for relief against the State of Texas which would be plausible on their face.[6]

Additionally, with regard to Defendant Judge Chupp, the state-court judge that presided over the original lawsuit filed by RBS Citizens, N.A. in state court, such judges are entitled to absolute immunity from suit for acts taken in their judicial capacity,[7] even those done maliciously or corruptly. *See Mireles v. Waco*, 502 U.S. 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Thus, all claims against Judge Chupp should be dismissed on this basis as well.

Finally, as to Avdeefs' section 1983 claims against the three bank defendants, Hampton, Alemany, and Brady ("the private Defendants"), to state such a claim Avdeef must allege facts that show (1) he has been deprived of a right secured by the Constitution or the laws of the United States and (2) the deprivation occurred by a person acting under color of state law. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010) (citing 42 U.S.C. § 1983). "A private party may be held

---

facts to state a claim to relief that is plausible on its face," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6]The Court notes that the general rule is that a district court cannot dismiss a *pro-se* complaint for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend. However, such requirement generally applies only if the plaintiff has not clearly alleged her "best case." *See Dark v. Potter*, 293 F. App'x 254, 256-57 (5th Cir. 2008). "While a precise definition of a plaintiff's 'best case' is elusive, this Court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint." *Id.* at 257. In this case, Avdeef was specifically notified of the alleged deficiencies in his pleadings by the Defendants in their multiple Motions to Dismiss. Plaintiff, in his responses, did not take the opportunity to request the chance to replead, provide any arguments that refuted the claims made by Defendants in their motions to dismiss, or set forth additional and specific facts that would support his allegations. Consequently, the Court concludes that Avdeef has pled his best case and that such pleadings are deficient.

[7]To determine whether a judge's act is a "judicial" one, the Court is to consider four factors: (1) whether the act complained of is one normally performed by a judge; (2) whether the act occurred in the courtroom or an appropriate adjunct such as the judge's chambers; (3) whether the controversy centered around a case pending before the judge; and (4) whether the act arose out of a visit to the judge in his judicial capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir.1993). In this case, all of Avdeef's allegations against Judge Chupp relate to actions he took in presiding over the suit against Avdeef in state court. Thus, all of Judge Chupp's actions are considered judicial in nature.

liable under § 1983 if he or she is a 'willful participant in joint activity with the State or its agents.'" *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). To support a conspiracy claim, Avdeef must allege facts that suggest (1) an agreement between the private and public defendants to commit an illegal act and (2) an actual deprivation of constitutional rights. *Id.* In Avdeef's complaint, the second and third causes of action are the only two that appear to allege a conspiracy between The State of Texas and Judge Chupp and the non-state Defendants. (Pl.'s Compl. at 4-5.) The second cause of action appears to allege a conspiracy between all of the defendants to violate the Federal Fair Debt Collections Practices Act. (Pl.'s Compl. at 4.) In addition, the third cause of action appears to allege a conspiracy by the defendants to engage in ex-parte communications and violations of Texas and local rules that violated "Plaintiff's personal and civil rights." (Pl.'s Compl. at 5.) "Conclusory allegations of conspiracy, however, do not state a claim under 42 U.S.C. § 1983 unless Plaintiff supports his allegations with material facts." *Rogers v. Brown*, No. 3:12-CV-2458-M, 2014 WL 572376, at *6 (N.D. Tex. Feb. 13, 2014) (citing *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994)). In this case, Avdeef has pled vague, conclusory, and unsubstantiated allegations of a conspiracy between the Defendants. He has failed to give specific facts supporting such conspiracy nor has he detailed how the various Defendants were involved in such conspiracy. Consequently, these allegations are insufficient to support his section 1983 claims against the non-state Defendants. As to the other causes of action against the non-state Defendants, such claims should be dismissed because Avdeef has failed to state any facts that, even if liberally construed, state a claim for relief against such defendants that are plausible on their face.

Based on the foregoing, the Court **RECOMMENDS** that the State of Texas' Motion to Dismiss [doc. # 6]; Defendant RBS Citizens, NA, and RBS Citizens Financial Group, Inc. Motion

to Dismiss [doc. # 13]; Brady's Motion to Dismiss [doc. # 30]; and Judge Chupp's Motion to Dismiss [doc. # 32] be **GRANTED** for the reasons set forth above.[8]

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 10, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the

---

[8]Because the Court is recommending dismissal of this case based upon lack of subject-matter jurisdiction and failure to state a claim, it will not address the Defendants' claims that service was improper.

opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 27, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv