IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN M. AVDEEF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-cv-967-O |
| | § | |
| THE ROYAL BANK OF SCOTLAND, PLC et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Plaintiff filed objections. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which objection was made. Anything not specifically objected to is subject to review for clear error.

### I.   BACKGROUND

On December 5, 2013, pro se Plaintiff brought the instant action for damages under 42 U.S.C. § 1983 against Defendants "seeking re-dress for the deprivation of Plaintiff's federal constitutional and federal statutory rights by persons acting under color of law." Pl.'s Compl. 3, ECF No. 1. Plaintiff's claim challenges the conduct of participants during a state suit in which the 141st Judicial District Court of Tarrant County, Texas, granted summary judgment in favor of Defendant RBS Citizens, NA, and against Plaintiff. *See id.*; Def.'s App. Supp. Mot. Dismiss, App. 12-14, ECF No. 33. Defendant Judge John Chupp was the presiding judge, and Defendant Shawn Brady represented RBS Citizens, NA, in the state court action. Pl.'s Compl. 2-3, ECF No. 1. Plaintiff

appealed the trial court's summary judgment, and the Texas Second District Court of Appeals affirmed the judgment. Def.'s Mot. Dismiss 2, ECF No. 2. There is no indication that Plaintiff timely petitioned the Texas Supreme Court to review the Texas appellate court's decision. *See id.*

In the instant case, Plaintiff alleges misconduct in the state court action and seeks damages against Defendants in this Court. Pl.'s Compl. 3-7, ECF No. 1. Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1), (4), (5), and (6). *See generally* Defs.' Mots. Dismiss, ECF Nos. 6, 13, 32. In his Findings, Conclusions, and Recommendation, the United States Magistrate Judge recommended dismissing Plaintiff's claims for lack of subject-matter jurisdiction. ECF No. 36. Plaintiff filed objections (*see* ECF No. 37), and Defendants responded (*see* ECF Nos. 39, 41, 42, 44). Additionally, on July 21, 2014, Plaintiff filed a motion for leave to amend his original complaint. ECF No. 47.

## II.   LEGAL STANDARD

In his objections, Plaintiff expressed several concerns with Judge Cureton's Findings, Conclusions, and Recommendations. The Court entertains each of Plaintiff's objections and Plaintiff's motion for leave to amend his original complaint. First the Court will set out the legal standard applicable to all of Plaintiff's objections and then determine whether the objections have merit.

### A.   Pro Se Litigant Pleading Standards

Plaintiff points out that, when it comes to his pleadings before the Court, he is entitled to greater latitude than attorneys. Defendants do not disagree. Allegations of pro se complaints are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed

in the pro se plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[e]ven a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

### B. The *Rooker-Feldman* Doctrine

Plaintiff objects to the application of the *Rooker-Feldman* Doctrine to the instant case. Defendants argue that dismissal pursuant to *Rooker-Feldman* is appropriate. Jurisdiction over appeals from state courts is outside of the jurisdiction of federal district courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). When constitutional claims are "inextricably intertwined" with a state court's decision, the district court is in essence being called upon to review the state court's decision, which it may not do. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). Ultimately, the *Rooker-Feldman* Doctrine holds that inferior federal courts do not have appellate jurisdiction to modify or reverse state court judgments. *Id.*; *Rooker*, 263 U.S. at 416.

### C. State Action and *Rooker-Feldman*

Plaintiff argues that Judge Cureton was mistaken in his findings that there exists an ongoing state matter. Regardless of the status of the suit in state court, federal district courts cannot review state court decisions because they are beyond the original jurisdiction of the federal district courts. *Id.*

### D. Absolute Immunity

Plaintiff objects to applying the common law doctrine of absolute immunity to Judge Chupp. Defendants argue that the judge, acting in his judicial capacity, is entitled to absolute immunity. Judges are immune "from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

3

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.

*Id.* at 554. Additionally, absolute immunity extends to court employees acting at the express direction of judges. *Severin v. Parish of Jefferson*, 357 F. App'x 601, 605 (5th Cir. 2009); *see also Dellenback v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989). Judicial immunity is not for the protection or benefit of the judge, but for the benefit of the public. *Pierson*, 386 U.S. at 554.

### E.    Pre-Answer Motions to Dismiss

Plaintiff objects to Judge Cureton's recommendation to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12 because Defendants did not file answers to Plaintiff's complaint. Defendants argue that, even when liberally construed, Plaintiff fails to state a plausible claim upon which relief may be granted. Because the objective of Rule 12 is to eliminate unnecessary delay at the pleading stage, Defendants may file pre-answer motions to dismiss under Rule 12. *See* Fed. R. Civ. P. 12; *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993). Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

4

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*.

    F.    **Pleading Conspiracy**

Plaintiff argues that he could not successfully plead conspiracy without being granted the right to discovery. Defendants argue that Plaintiff's pleadings are insufficient to state a claim for conspiracy. The complaint must do more than indicate a possibility that a plaintiff could prove his case. *Iqbal*, 556 U.S. at 678. Rather, the pleading must include enough detail to create a reasonable expectation that discovery will produce evidence of wrongdoing. *Id.* To plead a claim for conspiracy between defendants to violate a plaintiff's civil rights, the plaintiff must allege facts that suggest agreement between state actors to commit an illegal act and actual deprivation of constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). If the pleading's allegations are not sufficient to "cross the line from conceivable to plausible," the Court cannot allow the case to proceed to discovery. *Twombly*, 550 U.S. at 570.

### G. Leave to Amend

Plaintiff currently seeks leave to amend his original complaint. Defendants argue that granting Plaintiff leave to amend would be futile. Generally, courts freely grant leave to amend pleadings "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). However, it is within the district court's discretion to deny a motion for leave to amend pleadings if the amendment would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Granting leave to amend a complaint would be "futile" if the amended complaint would fail to state claim upon which relief could be granted. *Id.* at 873.

## III. ANALYSIS

Having conducted a de novo review of those portions of the proposed findings and recommendation to which objections were made, the Court addresses each of Plaintiff's objections as well as Plaintiff's motion for leave to amend his original complaint.

### A. Applying Less Stringent Pro Se Litigant Pleading Standards

Plaintiff appears before the Court pro se, so he is entitled to less stringent pleading standards. Judge Cureton took Plaintiff's pro se status into account by liberally construing Plaintiff's pleadings, and the Court continues to do so. Because Plaintiff's assertion regarding the standards to which his pleadings should be held has consistently been applied, his objection is moot.

### B. The Applicability of *Rooker-Feldman*

The instant case stems from Plaintiff's state court action in which Defendants were participants. Specifically, Plaintiff pursues this action "from this higher judicial body" to "terminate the lower State Court's plenary authority." Pl.'s Compl. 6-7, ECF No. 1. Because Plaintiff brought this action to challenge the decision of the state court, the *Rooker-Feldman* Doctrine applies.

Reviewing Plaintiff's state action goes beyond the original jurisdiction of the Court and would violate the *Rooker-Feldman* Doctrine. Thus, Plaintiff's objection to the application of the *Rooker-Feldman* Doctrine is overruled.

### C. Status of the State Action

In the state action, Plaintiff appealed the decision of the 141st Judicial District Court of Tarrant County, Texas, to the Texas Second District Court of Appeals. There is no indication that Plaintiff timely petitioned the Texas Supreme Court to review the Texas Second District Court of Appeals' decision. Plaintiff's constitutional claims are "inextricably intertwined" with the state court's decision, and he calls on the Court to review that decision. Regardless of whether the state action is ongoing, the Court is barred from reviewing it under the *Rooker-Feldman* Doctrine and this objection is overruled.

### D. Applicability of Absolute Immunity

Plaintiff brought this claim based on the belief that Judge Chubb was incorrect in his judicial decisions. As the presiding judge in Plaintiff's state action, Judge Chubb is entitled to absolute immunity for his judicial acts. Because Plaintiff is barred from pursuing claims against Judge Chubb when Judge Chubb was acting in his official capacity, Plaintiff's objection to the application of judicial immunity is overruled.

### E. Grant of Pre-Answer Motions to Dismiss

Prior to filing an answer, Defendants are within their right to file motions to dismiss under Rule 12 of the Federal Rules of Civil Procedure. The Court will then apply the appropriate standard to determine whether the plaintiff's pleading should survive. Here, even a liberal construction of Plaintiff's complaint does not cross the line from conceivable to plausible. Most of Plaintiff's

statements amount to generalized grievances that are barred by the *Rooker-Feldman* Doctrine, Eleventh Amendment sovereign immunity, and absolute judicial immunity. Ultimately, Plaintiff fails to state a claim upon which relief may be granted. Therefore, his objection to Judge Cureton's recommendation to dismiss is overruled.

### F.     Claim of Conspiracy

Plaintiff appears to allege that a conspiracy existed between Judge Chupp and the other Defendants to rule against Plaintiff in the state action. However, Plaintiff has not alleged facts that suggest there existed an agreement between Defendants to commit illegal acts, nor has he alleged facts that suggest there was an actual deprivation of Plaintiff's constitutional rights. Plaintiff instead alleges conclusory statements of harm caused by Defendants. Neither the original complaint nor the proposed amended complaint provide enough factual basis to make the claim of conspiracy plausible, so Plaintiff is not entitled to proceed to discovery, and his objection is overruled.

### G.     Plaintiff's Proposed Amended Complaint

Although courts freely grant leave to amend under Federal Rule of Civil Procedure 15(a)(2), Plaintiff's proposed amended complaint does not resolve the issues of subject-matter jurisdiction. Furthermore, the proposed amended complaint does not state a claim upon which relief may be granted. Granting Plaintiff leave to amend his original complaint would be futile, so Plaintiff's request should be denied.

## IV.     CONCLUSION

Based on the foregoing, Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court. Therefore, Defendants' Motions to Dismiss (ECF Nos. 6, 13, 30, and 32) are

hereby **GRANTED** and Plaintiff's claims against Defendants are **DISMISSED with prejudice**. It is **ORDERED** that Plaintiff's request to amend his Complaint is **DENIED**.

**SO ORDERED** on this **15th day of August, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**